IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT

| | |
|---|---|
| SADIE NEAL, by and through<br>CANDY WINDHAM, next friend,<br>for the use and benefit of SADIE NEAL | PLAINTIFF |
| V. | CASE NO. 1:04cv354 |
| BEVERLY ENTERPRISES, INC.;<br>BEVERLY HEALTH AND REHABILITATION<br>SERVICES, INC; BEVERLY ENTERPRISES-<br>MISSISSIPPI, INC.; JAMES C. LANDERS;<br>DEBORAH SPENCE | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiff's motion for remand [6-1]. The Court has reviewed the briefs and exhibits and is prepared to rule. The plaintiff is Sadie Neal, a resident of a nursing home in Tupelo, Mississippi from July 25, 2002 until February 10, 2004. Neal is being represented by her next friend, Candy Windham. The defendants include a number of corporations and persons involved in running the nursing home in which Neal resided up at the time of the incidents underlying this suit. Only one of these defendants is a resident of Mississippi: Deborah H. Spence, who served as administrator of the nursing home.

On August 25, 2004, the plaintiff filed suit in the Lee County Circuit Court against the defendants, alleging that Neal's suffering and death were the result of the defendants' failure to provide adequate care for her and raising negligence claims against all defendants, including Spence in her capacity as administrator of the nursing home. The complaint further alleges that Spence owed Neal a common law duty to act as a reasonably prudent nursing home administrator, to prevent all reasonably forseeable injuries to residents, to remain informed as to events occurring at the nursing home which might cause or contribute to an injury, abuse or neglect to residents, and that

Spence breached these duties, resulting in harm to Neal.

On November 4, 2004, the defendants removed the case to federal court, alleging that Spence was fraudulently joined to defeat diversity. On December 8, 2004, the plaintiff moved for remand, relying on the Fifth Circuit's recent ruling in the case <u>Gray ex rel Rudd v. Beverly Enterprises-Mississippi</u>, 390 F.3d 400 (5th Cir. 2004)("<u>Gray II</u>"). The defendants, in their response to the remand motion, argued that the Court should refrain from ruling on the instant motion until after the mandate had issued <u>Gray II</u>, as motions for reconsideration in that case were still pending. The mandate subsequently issued on December 12, 2004, and this motion is now ripe for review.

The <u>Gray</u> case involved many of the same defendants and ultimately turned on the same issue underlying the instant motion: whether there was a reasonable possibility of recovery against a nursing home administrator for negligence, medical malpractice and other related claims despite the fact that the administrator was an agent of a disclosed principle. In his opinion denying the plaintiffs' motion for remand, Judge Barbour had previously answered this question in the negative, and the defendants in the instant case relied heavily on his opinion in arguing against remand. See <u>Gray ex rel Rudd v. Beverly Enterprises-Mississippi</u>.261 F.Supp. 2d 652 (S.D. Miss. 2003)("<u>Gray I</u>"). The Court also advised the parties that the stay would be lifted after the Fifth Circuit had ruled and directed them to file a new remand motion and accompanying memoranda to take the ruling into account. On November 9, 2004, the Fifth Circuit issued its ruling in <u>Gray II</u>, reversing the lower court ruling and instructing the lower court to remand the case to state court.

In order to prove fraudulent joinder, the defendants must either show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981). In reviewing allegations of

2

fraudulent joinder, the Court does not conduct an evidentiary hearing, but utilizes a summary judgment-like procedure. Delgado v. Shell Oil Co., 231 F.3d 165, 179 (5th Cir. 2000). Under this procedure, the Court may pierce the pleadings to determine whether, under Mississippi law, the plaintiffs have a valid claim against the in-state defendants. LeJeaune v. Shell Oil Co., 950 F.2d 267,271 (5th Cir. 1992). The removing party bears the burden of demonstrating fraudulent joinder, and all disputed questions of fact and ambiguities in controlling state law are resolved in favor of the non-removing party. LeJeaune, 950 F.2d at 271.

The sole legal issue before the Court in the instant case is whether the plaintiffs have a reasonable possibility of recovery against Deborah Spence, the nursing home administrator and the sole in-state defendant. If such a reasonable possibility exists then complete diversity is destroyed and remand is proper. In deciding Gray II, the Fifth Circuit answered this question rather unambiguously, by rejecting as "likely erroneous" the district court's assumption that no negligence claims could successfully be brought against the agent of a disclosed principal. Gray II., 390 F.3d at 406 (holding that contrary rule announced in Bass v. Cal. Life Ins. Co., 581 So.2d 1087 (Miss. 1991) was limited to narrow case of claims against insurance agents and adjusters).

The same analysis disposes of the instant case, and the Court agrees with the plaintiffs that, under Gray II, the complaint properly states a viable cause of action against Spence. Accordingly, the motion for remand is GRANTED. A separate order to that effect shall issue this day.

This is the 2nd day of June, 2005.

                                                    /s/ Michael P. Mills
                                                 **UNITED STATES DISTRICT JUDGE**